IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA <br> and STATE OF TEXAS ex. <br> rel. DR. JOSE DONES <br> PLAINTIFFS <br><br> VS. <br><br> HARLINGEN MEDICAL CENTER, L.P. <br> DR. ERIC G. SIX, <br> VALLEY NEUROSURGEONS, P.L.L.C., <br> MICHAEL GONZALEZ, <br> NUERA MEDICAL L.L.C. and <br> PRIME HEALTHCARE SERVICES, INC. <br> DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:21-cv-181 <br><br><br> JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DR. ERIC SIX, M.D.
AND VALLEY NEUROSURGEONS, P.L.L.C.'S
MOTION TO DISMISS RELATOR'S FIRST AMENDED COMPLAINT**

Defendants, Dr. Eric Six, M.D. and Valley Neurosurgeons, P.L.L.C. ask this Court to dismiss Dr. Jose G. Dones's (Relator) First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and based on Rule 9(b) for failure to meet the heightened pleading standard for claims alleging fraud.

**Statement of the Issues**

Has Relator satisfied Federal Rule of Civil Procedure 8(a) and the heightened pleading requirements under Rule 9(b) in alleging a claim under the False Claims Act at 31 U.S.C. § 3729(a)(1)(A) ("presenting false claims"), § 3729(a)(1)(B) ("making or using false records or statements"), or 31 U.S.C. §3729(a)(1)(C) (conspiracy to violate the FCA), and the Texas Medicaid Fraud Prevent Act under Tex. Human Res. Code Ann. § 36.001, *et seq.*, against Dr. Eric Six, M.D. and Valley Neurosurgeons, P.L.L.C.?

Under Federal Rule of Civil Procedure 12(b)(6), does Relator fail to state a claim for violating the Anti-Kickback Statute at 42 U.S.C. § 1320A-7b(b), Stark Law at 42 U.S.C. § 1395nn, and the Texas Medicaid Fraud Prevent Act at Tex. Human Res. Code Ann. §§ 36.002(1) and (4)(B) against Dr. Eric Six, M.D. and Valley Neurosurgeons, P.L.L.C.?

## Background and Perspective

Dr. Eric Six and Valley Neurosurgeons, P.L.L.C. have been in competition with Dr. Dones for over 20 years. During that 20 year period of time, Dr. Dones has been hired by the majority of the Plaintiffs Personal Injury Bar including Dr. Dones's Counsel in this case, to treat their Plaintiffs under Letters of Protection.  Dr. Dones has opined that hundreds of those Plaintiffs needed spinal surgeries. In many, if not most of those cases, Dr. Six and/or other Neurosurgeons hired by the Defense have opined that the MRIs in question were normal and that the surgical recommendations were not warranted and that they were being priced out at a rate of at least 10 times higher than their fair market value.

## Joinder

Dr. Six and and Valley Neurosurgeons, P.L.L.C. join in and concurs in the arguments advanced by co-defendants Harlingen Medical Center, L.P. ("HMC") and Prime Healthcare Services, Inc. ("Prime") and would reiterate and re-emphasize how Relator has wholly failed to meet the requirements of Rule 12(b)(6) and Rule 9(b).

### Relator has pled no details of an FCA scheme as to Dr. Six and Valley Neurosurgeons, P.L.L.C. under FRCP 9(b)

Rule 9(b) requires a Relator to plead the "who, what, when, where, and how" of alleged fraud in an FCA case. *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010).  This must be pled specifically for each defendant, and the Complaint in this case is woefully deficient in pleading any details of any involvement by

Dr. Six and Valley Neurosurgeons, P.L.L.C. in this alleged scheme. There are no facts pled to explain any fraudulent conduct by Dr. Six and Valley Neurosurgeons, P.L.L.C.. There is no whiff of wrongdoing by Dr. Six and Valley Neurosurgeons, P.L.L.C. of the types of issues the Stark Law or Antikickback Statute are designed to guard against such as causing the purchase of implant equipment at an inflated price, increasing cost to the system or performing medically unnecessary surgeries or using sub-par products. The gross litany of missing allegations of Dr. Six and Valley Neurosurgeons, P.L.L.C.'s participation in any scheme is exhausting. **Who**–There is no pleading of any communication—orally, by e-mail, letter, text—by Dr. Six and Valley Neurosurgeons, P.L.L.C. with anyone at Harlingen Medical Center with which he is supposed to have engaged in a complicated kickback scheme and conspiracy. For example, who in management at the hospital did he discuss this alleged scheme with? **What**—There are no pleadings of what Dr. Six and Valley Neurosurgeons, P.L.L.C. or anyone else said, what they allegedly agreed to, or how one can infer a conspiracy. Was there an agreement to refer patients in exchange for using products from his son-in-law's distributorship? What were the alleged details? **When** did this allegedly happen? All we see in Relator's pleading is "on information and belief for a decade." **Where** was the alleged scheme discussed? **How** was the alleged scheme accomplished? Were the products vetted at the hospital? Were the products of good quality? Did Mr. Gonzales pass remuneration along to Dr. Six and Valley Neurosurgeons, P.L.L.C. as a result of this alleged scheme? Did the distributors bill these products above fair-market value to the hospital? All of these questions are critical to understanding the alleged scheme and not a single one is pled. The Relator has wholly failed to show that any unlawful agreement existed between defendants to make false or fraudulent claims. No part of the pleadings explain that anything out of the ordinary course of business took place.

Moreover, Relator has also fails to allege with any detail that Dr. Six and Valley Neurosurgeons, P.L.L.C. submitted a bill to the government for reimbursement or caused Harlingen Medical Center to do so. Relator makes conclusory assertions in his Complaint that "every bill that Dr. Six and Valley Neurosurgeons, P.L.L.C. . . . submitted to the USG or TSG for reimbursement" (Pl.'s Am. Compl. ¶¶ 53, 58) but never explains whether any specific bills, or even category or type of bills, were even submitted for reimbursement or that Dr. Six and Valley Neurosurgeons, P.L.L.C. treated patients who were paid by federal programs.

At its core, Relator has pled that Dr. Six and Valley Neurosurgeons, P.L.L.C. had a preference for certain medical devices—as every spine surgeon in the country does—and that he encouraged Harlingen Medical Center to purchase those devices from distributors with which his son-in-law had a relationship. Docket 18 at ¶ 47. Then, the reader is left to make the tremendous leap in logic to conclude that this must be the result of kickbacks and/or a prohibited financial relationship under the Stark Law. There is obviously a much more plausible/probable and logical interpretation of the facts pled. Relator, as a spine surgeon who competes in the market with Dr. Six and Valley Neurosurgeons, P.L.L.C., knows full well that spine surgeons work closely with device representatives who accompany surgeons into the operating room and assist in preparation of the trays of implant pieces. *Windle v. Synthes USA Prod., LLC*, No. 3:11-CV-2591-D, 2012 WL 1252550, at *2 (N.D. Tex. Apr. 13, 2012). So it is puzzling that the Complaint pleads "Gonzales [Dr. Six's son-in-law] was often in the operating room at the same time as Dr. Six and Valley Neurosurgeons, P.L.L.C. during these surgeries," as if that is somehow a damning fact. *Id.* at ¶ 49. Spine surgeons understand the importance of a supplier and sales representative of medical device products who they can trust and rely

upon regarding the correct implementation of their hardware. Reliance by Dr. Six and Valley Neurosurgeons, P.L.L.C. on Dr. Six's son-in-law, who HMC chose to do business with is the obvious interpretation under *Twombly*, 550 U.S., at 555, 557). *Iqbal*, 556 U.S. at 679.

### Relator Fails to State a Claim Under the Anti-Kickback Statute

A plaintiff fails to plead with particularity a kickback scheme if the plaintiff does not "sketch how it was that Defendant provided remuneration to its clients, the form of that remuneration, how and why Defendant believed that remuneration would induce new business, and how Defendant benefitted from the remuneration." *U.S. ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-CV-3396, 2014 WL 2618158, at *10 (S.D. Tex. June 12, 2014), *on reconsideration in part sub nom. Ruscher v. Omnicare Inc.*, No. 4:08-CV-3396, 2014 WL 4388726 (S.D. Tex. Sept. 5, 2014). First, there are no factual allegations that Dr. Six and Valley Neurosurgeons, P.L.L.C. offered, paid, solicited, or received any remuneration. Relator alleges that Harlingen Medical Center "provides an illegal financial payment to Dr. Six's family each time Dr. Six and Valley Neurosurgeons, P.L.L.C. performs a surgery at HMS." Pl.'s Am. Compl. ¶ 56. This is totally vague and conclusory and Relator offers no factual details or explanation of how the alleged illegal financial payment is made. No facts show how any money allegedly goes to Dr. Six or his family or and Valley Neurosurgeons, P.L.L.C.. Relator only alleges that the hospital buys products from a medical supplies company. There is no allegation that for each surgery some monetary amount goes to a personal account.

Next, Relator makes no factual allegations that Dr. Six and Valley Neurosurgeons, P.L.L.C. took any action that was *in return for referring an individual* for government funded services. 42 U.S.C. § 1320a-7b(b). Relator gave no facts to show that Dr. Six and Valley

Neurosurgeons, P.L.L.C. engaged in any referrals whatsoever. In fact, the Complaint gives no explanation of Dr. Six and Valley Neurosurgeons, P.L.L.C. making any patient referrals. Relator asserts a "compensation relationship . . . between HMC and NuERA/Gonzales because of Dr. Six and Valley Neurosurgeons, P.L.L.C.'s patient referrals to HMC" but gives no factual explanation of which patients, how many patients, in what context, during what period of time, or for what services any patients were referred to the medical center. Pl.'s Am. Compl. ¶ 64. And finally, Relator gives no facts to show how Dr. Six and Valley Neurosurgeons, P.L.L.C. acted knowingly and willfully in violation of the law.

Relator failed to plead a kickback scheme with particularity because he could not "sketch how it was that" Dr. Six and Valley Neurosurgeons, P.L.L.C. offered, paid, received, or solicited any remuneration nor that any remuneration took place, nor how and why any such improper payment would or could induce new business. *Omnicare*, 2014 WL 2618158 at *10. The simple fact of the matter is Dr. Six and Valley Neurosurgeons, P.L.L.C. does all of his procedures at HMC because that is where he practices.

### Summary

In short, this meritless case wholly fails to meet the requirements of Rule 12(b)(6) and Rule 9(b) because it is being brought for all the reasons that those Rules were designed to prevent. The simple fact is that no scheme exists, that no laws have been violated and this case simply needs to be dismissed.

### Relief Sought

Dr. Eric Six, M.D. and Valley Neurosurgeons, P.L.L.C., Defendants, move this Court to dismiss Realtor's Complaint with prejudice as to Dr. Eric Six, M.D. and Valley Neurosurgeons, P.L.L.C..

Signed on May 29, 2023.

                         Respectfully submitted,

                         LAWLER & ASSOCIATES, P.C.
                         805 Media Luna, Ste. 620
                         Brownsville, Texas 78520
                         Telephone: (956) 574-0813
                         Facsimile: (956) 574-0920

By: _____
                         Marion R. Lawler III
                         Attorney-in-Charge
                         State Bar No. 12040220
                         USDC No. 15134
                         Edmundo Leandro III
                         State Bar No. 24098773
                         USDC No. 3611816
                         Michael J. Guerra
                         Attorney-in-Charge,
                         State Bar No. 24087638
                         Federal I.D. No. 3611817
                         E-service: nmartinez@lawler3firm.com
                         Email: mlawler@lawler3firm.com
                         Attorney for Defendant Dr. Eric Six and
                         and Valley Neurosurgeons, P.L.L.C.

## **CERTIFICATE OF SERVICE**

    I certify that on May 29, 2023, I electronically filed the foregoing Memorandum of Law in Support of Defendant Dr. Eric Six, M.D. and Valley Neurosurgeons, P.L.L.C.'s Motion to Dismiss Relator's First Amended Complaint which will automatically send email notification of such filing to all attorneys of record.

_____
Marion R. Lawler III