UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF TEXAS, *ex rel.* DR. JOSÉ G. DONES, <br><br> *Plaintiffs*, <br><br> v. <br><br> HARLINGEN MEDICAL CENTER L.P., DR. ERIC G. SIX, VALLEY NEUROSURGEONS P.L.L.C., MICHAEL GONZALES, NUERA MEDICAL L.L.C, and PRIME HEALTHCARE SERVICES, INC., <br><br> *Defendants*. | Civil Action No. 1:21-cv-181 |

## STATE OF TEXAS'S STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS RELATOR'S FIRST AMENDED COMPLAINT

The State of Texas ("State" or "Texas") files this Statement of Interest to correct misstatements made in Defendants' Motions to Dismiss[1] regarding the

---

[1] Defendants Michael Gonzalez and NuERA Medical L.L.C.'s Motion to Dismiss Under Federal Rules 12(B)(6) and 9(B) (Dkt. 29); the Memorandum of Law in Support of Defendants Harlingen Medical Center L.P. and Prime Healthcare Services, Inc.'s Motion to Dismiss Relator's First Amended Complaint (Dkt. 30-1); and the Memorandum of Law in Support of Defendant Dr. Eric

proper legal interpretation of the Texas Medicaid Fraud Prevention Act ("TMFPA"), chapter 36 of the Texas Human Resources Code. Texas retains an interest in this matter as a named plaintiff state, even though it declined to intervene.[2] Dkt. 14. The State is entitled to a portion of any proceeds of the TMFPA causes of action, and it has an ongoing interest in ensuring consistent and correct interpretation of the TMFPA. Tex. Hum. Res. Code § 36.110(a-1). Texas respectfully submits the following:

**I.     The TMFPA differs substantially from the federal False Claims Act and the plain language of the TMFPA controls the interpretation of the Texas state law claims.**

Although similarities exist between the two statutes, the TMFPA does not mirror the federal False Claims Act ("FCA"). The elements required to establish liability under the TMFPA differ substantially from the FCA's required elements. *Compare* 31. U.S.C. § 3729(a) *with* Tex. Hum. Res. Code § 36.002(1)-(13). As a result, the analysis of TMFPA claims is a distinct and separate analysis from the analysis required for an FCA claim.

The analysis of a TMFPA claim requires the application of Texas law

---

Six, M.D. and Valley Neurosurgeons, P.L.L.C.'s Motion to Dismiss Relator's First Amended Complaint (Dkt. 31), (collectively, the "Motions to Dismiss").

[2] Texas's declination in this matter is not a comment on the merits of the case. *See* Tex. Hum. Res. Code § 36.104 (State's declination is merely notice of the State's decision whether to intervene.). Rather, the TMFPA contemplates cases continuing in the event of Texas's non-intervention by conferring rights on relators and permitting relators to pursue TMFPA allegations after Texas declines. *See, e.g.*, Tex. Hum. Res. Code §§ 36.104, 36.110(a-1).

because in matters involving state law, federal courts apply the same law that would be applied by the highest court of that state. *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (discussing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). In a case interpreting the TMFPA, the Texas Supreme Court declared that "[s]tatutory language is the 'surest guide to the Legislature's intent' because 'it is a fair assumption that the Legislature tries to say what it means.'" *In re Xerox*, 555 S.W.3d 518, 527 (Tex. 2018) (citing *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012)). The Texas Supreme Court continued that "the Legislature selected statutory words, phrases, and expressions deliberately and purposefully and was just as careful in selecting the words, phrases, and expressions that were included or omitted." *Id.; see also City of Rockwall v. Hughes*, 246 S.W.3d 621, 629 (Tex. 2008) (upholding the plain language of a statute).

Comparing the TMFPA to the FCA, among other statutes, the Texas Supreme Court determined that "[t]hese statutes, while similar in aim and tactic, employ materially different language . . ." *In re Xerox*, 555 S.W.3d at 535. The differences, where they exist, between the FCA and the TMFPA are material and must be carefully considered in applying Texas law to the specific facts of every case, both in determining liability and in assessing appropriate civil remedies. "[W]hen the Legislature looks to another jurisdiction's statute, but

modifies rather than adopts some of its provisions, it does so purposefully." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 497 (Tex. 2001). A recent federal case is illustrative of this point. In *United States ex rel. Bawduniak v. Biogen Idec Inc.*, the court found "that interpretation of the TMFPA . . . is guided by Texas law." *United States ex rel. Bawduniak v. Biogen Idec Inc.*, No. 1:12-cv-10601-IT, 2022 WL 2438971, at *3 (D. Mass. July 5, 2022).

Federal courts in Texas also have declined to interpret the TMFPA as identical to the FCA. The federal district court in *United States ex rel. Govindarajan v. Dental Health Programs, Inc.*, recognized that the scope of the TMFPA "reach[es] a broader range of false or fraudulent conduct less closely tied to the Medicaid claim submission process." *United States ex rel. Govindarajan v. Dental Health Programs, Inc.*, No. 3:18-cv-00463-E, 2020 WL 3064712, at *7 (N.D. Tex. June 8, 2020) (citing *United States ex rel. Patel v. Catholic Health Initiatives*, 312 F. Supp.3d 584, 606-07 (S.D. Tex. 2018), *aff'd sub nom. United States ex rel. Patel v. Catholic Health Initiatives*, 792 F. App'x 296 (5th Cir. 2019)) (brackets in original). Citing *Xerox*, the *Govindarajan* court noted that despite some similarities with the FCA, "the TMFPA's plain language controls with respect to claims brought under [the TMFPA]" and analyzed the TMFPA unlawful acts alleged separately from the FCA claims. *Govindarajan*, 2020 WL 3064712, at *7-*14. Consequently, the claims asserted under the

TMFPA in this case must be analyzed according to the TMFPA's plain language, especially where that language differs from the FCA.

## II. Relator is not required to plead the submission of false claims under the TMFPA to meet the particularity requirements of Rule 9(b).

The plain language of the TMFPA does not require the submission or presentation of a "false claim" to establish liability for any of the unlawful acts asserted in Relator's First Amended Complaint. Dkt. 18; Tex. Hum. Res. Code § 36.002(1), (4)(B), (9).

Ignoring that the elements of the TMFPA causes of action do not mirror the FCA, the Motions to Dismiss each allege that Relator failed to meet the particularity requirements of Rule 9(b) for failure to plead the submission of false claims. Dkt. 29 at 20; Dkt. 30-1 at 19; Dkt. 31 at 4. For example, Defendants Michael Gonzalez and NuERA Medical L.L.C. argue that "Relator has not plead particularized facts to support that Moving Defendants submitted or caused actual false claims…nor reliable indicia that any false claim or statement was made or caused to be submitted by the Moving Defendants." Dkt. 29 at 20. This argument is inapplicable to the Texas causes of action because, as noted above, the submission of "false claims" is not an element of any TMFPA unlawful acts alleged in this case. Whether a TMFPA unlawful act has been committed is based on the conduct covered in the statute, and the language of the statute governs

what must be proven. *In re Xerox*, 555 S.W.3d at 527, *City of Rockwall v. Hughes*, 246 S.W.3d at 629. The question of whether a false claim was presented or submitted is irrelevant to a Rule 9(b) particularity analysis of the TMFPA causes of action.

As previously noted, the *Govindarajan* court held that "the TMFPA's plain language controls with respect to claims brought under [the TMFPA]" and proceeded to analyze the TMFPA claims separately from the FCA claims. *Govindarajan*, 2020 WL 3064712, at *7. Defendants Gonzales and NuERA Medical's Motion cites *Govindarajan* in support of the assertion that TMFPA claims are analogous to FCA claims but incorrectly focuses on the FCA requirement to plead submission of a false claim in arguing that the TMFPA claims be dismissed for the same reason as the FCA claims. Dkt. 29 at 20. *Govindarajan* does not stand for this proposition. The TMFPA unlawful acts must be analyzed separately from FCA claims.[3]

## CONCLUSION

A review of the First Amended Complaint reveals that the TMFPA

---

[3] Defendants contend that Relator was required to plead they "willfully" violated the Federal Anti-Kickback Statute. (42 U.S.C. § 1320a-7b(b)). However, neither the TMFPA nor the Texas Anti-Kickback Statute impose the "willful" scienter standard required under the Federal Anti-Kickback Statute. *See* Tex. Hum. Res. Code § 36.0011(a), Tex. Hum. Res. Code § 36.002(13) (incorporating the Texas Anti-Kickback Statute at Tex. Hum. Res. Code § 32.039(b) by reference).

unlawful acts pled by Relator do not require the presentment of a false claim to establish liability. *See* Tex. Hum. Res. Code §§ 36.002(1), (4)(B), and (9). Accordingly, a review of Relator's TMFPA claims should be made solely in consideration of the requirements and plain language of the TMFPA.

Dated: July 31, 2023

          Respectfully submitted,

          ANGELA COLMENERO
          Provisional Attorney General

          BRENT WEBSTER
          First Assistant Attorney General

          GRANT DORFMAN
          Deputy First Assistant Attorney General

          JAMES LLOYD
          Acting Deputy Attorney General for Civil Litigation

          ELIZABETH J. BROWN FORE
          Chief for Civil Medicaid Fraud Division

          */s/ John Drake Anton*
          John Drake Anton
          Texas Bar No. 24125483
          S.D. Tex. I.D. No. 3790234
          Assistant Attorney General
          Office of the Attorney General of Texas
          Civil Medicaid Fraud Division
          P.O. Box 12548
          Austin, Texas 78711-2548

Phone: (512) 936-1448
Fax: (512) 936-0674
Email: jack.anton@oag.texas.gov

**ATTORNEYS FOR THE STATE OF TEXAS**

**CERTIFICATE OF SERVICE**

I certify on July 31, 2023, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *John Drake Anton*
John Drake Anton